RENDERED:  JUNE 14, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1065-MR

TELISHA GOSWICK                                                              APPELLANT

v.

APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE KEVIN D. BISHOP, JUDGE
ACTION NO. 18-CI-00452

JOHNNY GOSWICK                                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND L. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Telisha Goswick (now Bailey) appeals from an order of the Graves Circuit Court which denied her motion to reinstate visitation. Appellant argues that the trial court erred in not allowing some visitation with the children and not setting forth a pathway for her to acquire visitation.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Johnny Goswick divorced in 2019. At that time, and pursuant to a separation agreement, Appellant received sole custody of their six children and Appellee was given visitation. On August 26, 2021, the court ordered joint custody of the children due to allegations of abuse against the children at the hands of Appellant's new husband. Appellee was designated as the primary residential custodian.

About a year later, Appellee filed a motion seeking to relocate with the children. During the hearing on that motion, testimony indicated there was an open investigation by the Cabinet for Health and Family Services because there were new allegations of abuse from Appellant and her husband. On August 17, 2022, the court ordered that Appellant was to have no contact with the children until the children had received an evaluation from a mental health professional. The court also denied Appellee's motion to relocate with the children.

On October 13, 2022, Appellant filed a motion to reinstate her visitation because the evaluation had been completed. Appellee responded and argued that visitation would not be in the best interests of the children because Appellant was still living with her new husband and he was a source of abuse against the children.

A hearing was held on July 13, 2023. Dr. Jody Giles, who performed the evaluation on the children, testified. She testified that the children had suffered severe emotional trauma by the actions of Appellant and her husband. She recommended that Appellant have no contact with the children.

A Cabinet social worker also testified at the hearing. She stated that the Cabinet also recommended Appellant have no contact with the children based on Dr. Giles' assessment. The social worker testified that there was no specific plan in place for reunification, but that the usual first step was for the children to receive counseling. The children's counselor would then recommend family counseling with the parent at a time when the counselor believed the children were ready for such.

On August 17, 2023, the trial court entered the order being appealed. The court found that the children had been victims of physical and emotional abuse perpetrated by Appellant and her husband. The court found that it was not in the children's best interests to grant joint custody or equal timesharing and awarded Appellee sole custody. The court also found that reinstating visitation would seriously endanger the children's mental and emotional health. The court held that Appellant was to have no visitation or contact with the children. The court then held the following:

> If the counselor for the parties' minor children
> deems it to be in the best interests of the minor children

to introduce TELISHA into counseling sessions with any of the minor children, then such a recommendation will need to be reduced to a written report or recommendation by the counselor setting forth guidelines to ensure no further emotional harm to the children will occur with any such future contact. At such time, either party may file another motion seeking a Court order for such interaction between the children and TELISHA as recommended by the children's counselor.

This appeal followed.

## ANALYSIS

Appellant argues on appeal that the trial court erred in denying her all visitation. She claims that there are less restrictive visitation options other than no contact, such as supervised visitation.

Kentucky Revised Statutes (KRS) 403.320 states in relevant part:

(1) A parent not granted custody of the child and not awarded shared parenting time under the presumption specified in KRS 403.270(2), 403.280(2), or 403.340(5) is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health. Upon request of either party, the court shall issue orders which are specific as to the frequency, timing, duration, conditions, and method of scheduling visitation and which reflect the development age of the child.

(2) If domestic violence and abuse, as defined in KRS 403.720, has been alleged, the court shall, after a hearing, determine the visitation arrangement, if any, which would not endanger seriously the child's or the custodial parent's physical, mental, or emotional health.

(3) The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health.

Here, the trial court found that allowing Appellant to have visitation would seriously endanger the children's mental and emotional health. The court also found that granting custody and visitation to Appellant was not in the children's best interests. We agree and find no error.

> The Court of Appeals . . . [is] entitled to set aside the trial court's findings only if those findings are clearly erroneous. And, the dispositive question that we must answer, therefore, is whether the trial court's findings of fact are clearly erroneous, i.e., whether or not those findings are supported by substantial evidence. "[S]ubstantial evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003) (footnotes and citations omitted).

The testimony and report of Dr. Giles indicated that the children had suffered physical and emotional abuse while in Appellant's care and suffered serious trauma.[1] Appellant and her husband were both perpetrators of said abuse and Appellant has admitted the abuse occurred. The trial court's findings regarding the abuse are supported by substantial evidence and we agree that, at this time, any visitation or contact with Appellant would seriously endanger the children's emotional health and would not be in their best interests.

Appellant also claims that the trial court did not set forth a pathway for reunification. This is not entirely accurate. While there is not a specific case plan in place for reunification, the trial court stated that when the children's counselor indicated family counseling would be appropriate, the parties could inform the court and make a motion to begin said counseling. The record indicates that, as of 2021, four of the children were already in counseling. The record is unclear as to the current status of the children's counseling.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. The court did not err in denying Appellant visitation and contact with her children. In

---

[1] We will not recount the abusive incidents set forth in the record so as to help protect the children's well-being and privacy.

addition, having the children participate in counseling and then attempting family counseling at a later date is an appropriate plan for reunification.

ALL CONCUR.


BRIEF FOR APPELLANT:

Heather L. Jones
Paducah, Kentucky

BRIEF FOR APPELLEE:

Mark L. Ashburn
Paducah, Kentucky